**UNITED STATES of America, Appellee,**

v.

**Jose Luis GARCIA, Appellant.**

No. 72-3179.

United States Court of Appeals, Ninth Circuit.

April 5, 1973.

James M. Gattey, Gregorich, Gattey & Hunt, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., Chief, Crim. Div.; James W. Meyers, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and SOLOMON,* District Judge.

OPINION

PER CURIAM:

Garcia was convicted of two drug offenses proscribed by 21 U.S.C. § 174. His offenses were committed, and he was indicted, before May 1, 1971, the date when the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1236, 21 U.S.C. § 801 et seq., became effective. That Act repealed the provisions of 26 U.S.C. § 7237(d), which had provided for mandatory sentences for offenses such as those committed by Garcia and had further provided that the provisions of 18 U.S.C. § 4202, permitting parole, should not be applicable to such cases.

On this appeal, Garcia makes only one contention, i. e., that he was entitled, contrary to the District Court's interpretation, to the application of the more lenient provisions of the 1970 Act. He bases his contention on the fact that his conviction and sentence occurred after the effective date of the Act. Very re-

---

* Honorable Gus J. Solomon, United States District Judge, Portland, Oregon, sitting by designation.

cently, a similar contention was rejected by the Supreme Court of the United States. Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Accordingly, the judgment of the District Court is affirmed.